UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEAMSTERS-EMPLOYERS LOCAL NO. 945 PENSION FUND, TRUSTEES OF TEAMSTERS-EMPLOYERS LOCAL 945 PENSION FUND, LOCAL 945 I. B. of T WELFARE FUND,<br><br>Petitioners,<br><br>v.<br><br>S & L ZEPPETELLI, INC.,<br><br>Respondent. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 07-1028 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Teamsters-Employers Local No. 945 Pension Fund, Trustees of Teamsters-Employers Local 945 Pension Fund, Local 945 I. B. of T Welfare Fund ("Petitioners") to confirm an arbitration award and upon cross-motion by S & L Zeppetelli ("Respondent" or "Zeppetelli") to vacate the arbitration award. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court did not entertain oral arguments. After carefully considering the parties' submissions, and based upon the following, it is the finding of this Court that Petitioners' motion to confirm the arbitration award is **granted.** Respondent's cross-motion to vacate the arbitration award is **denied**.

**I.      BACKGROUND**

In March, 2005, Petitioners terminated the union membership of Joseph Cutruzzula, Sr.

("Cutruzzula"), an employee of Respondent's, because Petitioners determined that Cutruzzula was not performing bargaining-unit work. Petitioners initially denied Respondent's request that Cutruzzula be reinstated. Respondent then purchased alternative health coverage for Cutruzzula before his union membership was ultimately restored.

The parties agreed to settle their dispute over Cutruzzula's membership status and memorialized the agreement in a Consent Award dated December 7, 2005, signed by Arbitrator William J. DiCindio. The agreement provides in part that "[Zeppetelli] shall pay Welfare and Pension contributions on behalf of Joseph Catruzzula, Sr., retroactive to May 1, 2005, to coincide with Cutruzzula's retroactive union membership reinstatement." See Carlson Cert., Exh. A.

A new dispute arose between Petitioners and Respondent over the amount Respondent would have to pay Petitioners. Respondent argues that any amount owed to Petitioner by Respondent for the reinstatement of Cutruzzula, retroactively effective to May, 2005, should be off-set by the amount Respondent paid for Cutruzzula's coverage through a third-party insurer during the period his union membership was suspended.

Arbitrator Michael S. Murray issued an Opinion and Award in the Petitioners' favor on February 6, 2007. Petitioners now move before this Court to confirm the Award. Respondents oppose and cross-move for a vacation of Arbitrator Murray's holding.

**II.    DISCUSSION**

**Arbitration Award**

The Labor Management Relations Act provides federal jurisdiction for the confirmation of arbitration awards. 29 U.S.C. § 185. "As long as the arbitrator has arguably construed or applied the contract, the award must be enforced" and courts are not permitted to reconsider the

merits of an award.  News Am.Publ'n, Inc. v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990).  "[O]nly where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction . . . may a reviewing court disturb the award." Id. (internal quotation omitted).

On December 7, 2005, the parties agreed to a Consent Award before Arbitrator DiCindio which states as follows:

- That Joseph Cutruzzula, Sr. had his Union membership terminated in March, 2005.
- That the Union membership of Joseph Cutruzzula, Sr. shall be reinstated effective May 1, 2005.
- That Joseph Cutruzzula, Sr., will pay Union dues retroactive to May 1, 2005 and continue to pay dues to retain his Union membership in good standing, so long as he remains employed and continues to perform bargaining-unit work under the Collective Bargaining Agreement.
- That the Employer shall pay Welfare & Pension contributions on behalf of Joseph Cutruzzula, Sr., retroactive to May 1, 2005, and for so long as he remains employed and a member of this Union in good standing.
- That the Parties to this dispute further agree that the foregoing terms and conditions set forth in this Consent Award shall be binding upon them.

Carlson Cert., Exh. A.

On September 25, 2006, Arbitrator Murray attempted to have the parties adhere to the elements of the Consent Award, but "[s]uch an effort was without success."  Carlson Cert., Exh.F.  Respondent Zeppetelli asserts that the Consent Award cannot be enforced because the bargain is unconscionable.  Respondent argues that there should be a compensatory deduction in the amount owed to Petitioners in the amount that Respondent spent on third-party insurance when Cutruzzula's membership was temporarily suspended.

In holding Zeppetelli responsible for the bargain embodied in the Consent Award, Arbitrator Murray explained that "the inability of [Zeppetelli] to implement the DiCindio consent award (December 2005) at the hearing held [on] September 25, 2006, makes [Zeppetelli] totally responsible to the [Petitioners'] claims in the instant matter. After reviewing [Zeppetelli's] brief, I must reject the Company's claim that this Arbitrator has the ability to fashion an award which could limit or change the [Petitioners'] claims in this matter." Carlson Cert., Exh. F.

The issue of whether Zeppetelli was entitled to a credit or offset could have been raised before Respondent agreed to the Consent Award. Respondent failed to do so. The Consent Award clearly states that Zeppetelli agreed that it would remit contributions on behalf of Cutruzzula. See Carlson Cert., Exh. A. The Consent Award does not contemplate any compensation or credit for the amount Respondent paid to obtain medical insurance for Cutruzzula. Id. Respondent cannot now claim that the agreement is unconscionable and renege on its obligations under the Consent Award.

In keeping with the standard to be applied when reviewing arbitration awards, this Court cannot disturb Arbitrator Murray's decision absent a showing that the holding reflects a "manifest disregard of the agreement, totally unsupported by principles of contract construction." News America, 918 F.2d at 24. Such is not the case here. Arbitrator Murray simply enforced the Consent Award reached by the parties. This Court cannot disturb that decision.

 **Attorney's Fees and Costs**

When an employee benefit plan is successful in an action to collect contributions owed to the plan, the plan is entitled to recover the attorney's fees and costs incurred in the action. 29 U.S.C. § 1132(g)(2)(D) ("[i]n any action under this titled by a fiduciary for or on behalf of a plan

to enforce § 515 in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorneys' fees and costs of the action, to be paid by the defendant").

The Third Circuit has been steadfast in adhering to the mandatory award of attorney's fees and costs to the prevailing party in any action, such as this one, under the Employee Retirement Income Security Act.  29 U.S.C. § 1132(g)(2)(D).  Trucking Employees Welfare Fund v. Bellezza Co., 57 Fed. Appx. 972, 975 (3d Cir. 2003).  This Court, therefore, awards attorney's fees and costs to which the Petitioners are entitled.  Pursuant to L. Civ. R. 54.2, the Petitioners will specify the amount of attorney's fees and costs in an affidavit to be filed with this Court.

### III.   CONCLUSION

Based on the foregoing, Petitioners' motion for the confirmation of the arbitration is **granted.**  Respondents motion that the arbitration award be vacated is **denied.**.  An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       July   25   , 2007
Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.